## GREAT ATLANTIC v. HUGHES
### Case No. CO 83-2767
County Court, Orange County
October 14, 1983

William P. Gregory, for plaintiff.

Jay Rose, Greater Orlando Area Legal Services, for defendant.

GEORGE A. SPRINKEL, IV, County Judge.

This cause came before the Court as a non-jury trial on August 22, 1983. The Plaintiff filed a suit to regain possession of an apartment in a federally subsidized project known as Lake Mann Gardens Apartments. The Defendant claimed that the eviction was retaliatory and should be denied. Defendants counterclaim for damages was voluntarily dismissed.

### FINDINGS OF FACTS

The Defendant, Ann Hughes, lives with her two children in a federally subsidized apartment complex insured under Section 236 of the National Housing Act and governed by Department of Housing and Urban Development eviction regulations found at 245 CFR 450.

Defendant has resided at Lake Mann Gardens Apartments since February, 1975. She has been the President of the Lake Mann Gardens Apartments Tenant Association from 1980 to the present.

In February of 1983 Defendant fell behind in her rent and Plaintiff filed a suit for possession, based on nonpayment. That suit, Case No.

Co-80-935 was settled with a Joint Stipulation for Dismissal with Prejudice on March 31, 1983. Defendant paid her rent in a timely manner in April and May, 1983. Defendant tendered June, 1983 in a timely fashion, but it was rejected by Plaintiff.

On March 19, 1983 Plaintiff served Defendant with a notice of material non-compliance which alleged that Plaintiff's son, Darrell Hughes, was suspected of unauthorized use of the office Coke machine key and the unauthorized opening of the Coke machine. The notice gave the Hughes family 7 days to correct the situation. Plaintiff and Defendant agreed that Darrell would water plants at the apartment complex as punishment. No eviction lawsuit was brought against the Hughes family at that time.

On April 1, 1983, Plaintiff posted a Notice of its intention to ask H.U.D. for a rental increase. The Notice stated that tenants had the right to inspect documents supporting the request and had the right to submit comments to H.U.D.

Ann Hughes went to Greater Orlando Legal Services, Inc. (GOALS) to ask for assistance in challenging the rent increase on April 6, 1983. She and a GOALS paralegal made several attempts to get copies of the supporting documentation from Plaintiff. Plaintiff did not make copies available to Defendant and informed Defendant that she would have to make notes of or copy by hand the various documents.

During this time period, Ann Hughes passed out a tenant union flyer at the apartment complex, calling for a meeting on April 28, 1983. The agenda was to discuss the proposed rent increase, leases, and late charges.

On May 2, 1983, Defendant was served with a "Notice of nonrenewal of term and of termination of lease agreement for repeated minor violations." The Notice gave 2 grounds for the eviction. One was the aforementioned Coke machine incident and the other was repeated late payment of rent from April, 1982 to December, 1982.

Lake Mann Gardens Apartments has a high percentage of tenants who are chronically behind in rent. At least five other families were given more than one notice of late payment of rent and notices that children had violated the law or broken apartment rules. These five families were not evicted.

## CONCLUSIONS OF LAW

At trial, Plaintiff improperly attempted to rely on lease violations not included in the May 2, 1983 notice. The grounds for eviction are limited to those on the May 2, 1983 notice. 24 CFR 450.4(g).

## RETALIATORY EVICTION

This case makes the first time that this Court has been asked to apply Florida Statutes 83.64 (Retaliatory Conduct). In applying this new law, the Court finds by a preponderance of the evidence that this was the type of retaliatory eviction that the Florida Legislature has deemed unlawful.

Plaintiff's first articulated reason for evicting Defendant in May, 1983 was her late rental rental payments in April, 1982 to December, 1982. The time for a landlord to act is when the event takes place. Here the last incident was December, 1982, and it was not raised in a timely fashion. A prior lawsuit for nonpayment had been resolved on March 31, 1983.

Plaintiff's second articulated reason for evicting Defendant in May, 1983 was the March 19, 1983 "Coke machine incident." However, Plaintiff chose not to evict Defendant and, instead, chose to enter into the arrangement under which Defendant's son would water plants in order to "cure" the problem. The incident can no longer be used as a basis for an eviction.

The Court finds that the primary reason for the eviction action is not late payment of rent or the "Coke machine incident." Any eviction action on these grounds should have been initiated prior to June, 1983. The primary reason for this eviction is the fact that Defendant was President of the Tenant Association, that she protested the rent increase in April, 1983, and had GOALS represent her. Under all the circumstances this Court finds the eviction notice given on May 2, 1983, after Defendant protested the rent increase in April, 1983 was retaliatorily motivated. The Plaintiff failed to meet his burden of proof in showing otherwise.

It is therefore,

ADJUDGED that Defendant remain in possession of the premises and Plaintiff take nothing.

The Court retains jurisdiction to determine the issue of Defendant's right to attorneys fees based on Florida Statutes 83.487 as amended.